UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD HARKLESS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 07-4001 |
| ) | |
| TOM WEGER, Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER

This matter is now before the Court on Petitioner Richard Harkless' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and the Respondent's Motion to Dismiss. For the reasons set forth below, the Motion [#13] is GRANTED, and § 2254 Petition [#1] is DISMISSED.

### BACKGROUND

On December 10, 1992, Petitioner Richard Harkless ("Harkless") was charged with two counts of first degree murder. In 1993, Harkless plead guilty pursuant to a plea agreement in the Circuit Court of Rock Island County and was sentenced to 35 years of imprisonment. Harkless filed a direct appeal, and on August 11, 1994, the appellate court granted Harkless' motion to remand the cause to circuit court to permit Harkless to move for reconsideration of his sentence. Harkless' motion for reconsideration was denied in August 1995. Harkless filed a second direct appeal, challenging his sentence as excessive. The appellate court affirmed on June 11, 1996, and Harkless did not file a petiton for leave to appeal (PLA) to the Illinois Supreme Court.

On January 4, 2000, Harkless filed his first state post-conviction petition, which was promptly denied on January 21, 2000. Harkless filed a second state post-conviction petition on April 18, 2001, which the circuit court summarily dismissed as untimely. As the Illinois Supreme Court had recently held that a trial court may not dismiss a post-conviction petition at the summary dismissal stage based on timeliness, the appellate court remanded for further proceedings.

On remand, Harkless filed an amended post-conviction petition, which the circuit court dismissed as untimely. Harkless again appealed, and the appellate court affirmed on March 4, 2005. Harkless filed a PLA in the Illinois Supreme Court, which was denied on May 25, 2005. Harkless did not seek further review.

Harkless signed and mailed the instant federal habeas corpus petition on November 21, 2006. Harkless' petition was erroneously filed in the Northern District of Illinois, and was transferred to this District on January 1, 2007. Harkless argues that his identity, confession, and certain physical evidence should have been suppressed at trial. According to Harkless, he and his two co-defendants, R.E. and K.M., all of whom were minors at the time of arrest, gave statements to the police outside the presence of their attorneys or legal guardians, in violation of their due process rights. Therefore, his confession, as well as certain physical evidence implicating him, and his "very name" should have been suppressed as "fruits of the poisonous tree." Harkless acknowledges that not all of these grounds were previously raised before the state courts because of the "newly discovered evidence" that the statements of his co-defendants were suppressed for this reason, "the result of which was their inevitable acquittal and/or not guilty by jury trial." Petition, at 5. The Respondent has filed a Motion to Dismiss, arguing that the Petition is untimely. Harkless has filed a Response to that Motion, and this Order follows.

**DISCUSSION**

There are statutory time limits which govern whether a district court can entertain a petition for writ of habeas corpus. The present case is covered by 28 U.S.C. § 2244, which states in relevant part:

> A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for post-conviction or other collateral review is pending in the state courts is not counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

Sections (B) and (C) above are not implicated by the allegations of Harkless' Petition. Therefore, the running of the one-year period of limitations therefore starts at the later of the dates provided for in sections (A) or (D). The Respondent argues that, under either calculation, Harkless' Petition is untimely.

Under subsection (A), the one-year clock would begin ticking when the judgment in Harkless' conviction became final by the expiration of the time for seeking direct review. The

version of the Illinois Supreme Court Rule 315(b) en effect in June 1996 provided that Harkless had twenty-one days to seeking further review by filing a PLA in the Illinois Supreme Court. His conviction was affirmed by the appellate court on June 11, 1996. He declined to file a PLA. Therefore, his conviction became final on direct review twenty-one days later, or on July 2, 1996. In his traverse, Harkless does not dispute that this calculation under §2244(d)(1)(A) is correct.

With respect to Harkless' claim of newly discovered evidence, the Respondent argues that application of subsection (D) would result in the limitations period beginning even earlier. Under subsection (D), the limitations period begins running when the "factual predicate" of the claim presented "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The "newly discovered evidence," according to Harkless, is the notice of the suppression rulings in R.E.'s and K.M.'s cases. He claims to have learned of the suppression in his co-defendants' cases on October 12, 2006. That assertion challenges credulity. Nevertheless, the fact that the confessions of his co-defendants were suppressed is not the "factual predicate" of his claim that *his* confession was obtained illegally and that therefore both it and all of the information against him obtained as a result should have been suppressed. The true factual predicate of his claim—the allegedly illegal circumstances surrounding his confession—were known to Harkless at the time that confession was given. The fact that he or his counsel failed to recognize the legal significance of the circumstances surrounding his confession do not make those circumstances "newly discovered." As the Seventh Circuit stated in *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000), "the trigger in §2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate', not recognition of the facts' legal significance." Here, the recently acquired knowledge that his co-defendants' confessions were suppressed informs Harkless of the possible *legal* significance of the facts surrounding his confession, not the *factual* predicate.

Moreover, even if notice of suppression in his co-defendants' cases could possibly be construed as "newly discovered evidence" as contemplated under subsection (D), the one-year clock begins ticking as soon as Harkless could have "discovered" these rulings. Harkless argues that it was "some small miracle that the mother of the petitioner found the information upon which this claim is predicated. The information was received by petitioner on 10-12-06," and therefore his Petition is timely. Pet.'s Resp., at 4. However, the rule is not that the limitations period begins when Petitioner *did* discover the evidence, but rather it is when he *could have* discovered it if he had exercised due diligence. *Id.* at 359 ("If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit."). The Government asserts that the suppression rulings in either co-defendant's case would have been a matter of public record and would have been issued no later than October 1995. At that time, Harkless' direct appeal was still pending, and Harkless was represented by counsel. Accordingly, the information regarding suppression in his co-defendants' cases could have been discovered through reasonable diligence. *Id.* at 360 ("[T]he facts underlying this claim also could have been discovered by . . . the last date for a petition . . . the lack of a petition, [the factual predicate of petitioner's claim], was a matter of public record which reasonable diligence could have unearthed."); *see also Heard v. Cain*, 2007 WL 763691, at *3 (E.D. La. March 9, 2007) (Petitioner could have discovered the factual predicate of his *Brady* claim as soon as he could have obtained the district attorney's file through a public records request).

Accordingly, because calculation under subsection (A) results in the later date, the one-year period of limitations under AEDPA began to run on July 3, 1997, the date Harkless' conviction became final on direct review. Harkless does not dispute that his state post-conviction petitions, the earliest of which was not filed until 2000, have no tolling effect. Harkless has also confirmed that he

is not making a claim that equitable tolling should apply. Pet's Resp., at 3. Because the instant § 2254 petition was not filed until November 2006, it is untimely, and therefore this Court lacks jurisdiction to review it.

## CONCLUSION

For the reasons set forth above, the Respondent's Motion to Dismiss [#1] is GRANTED and Harkless' Petition for Writ of Habeas Corpus pursuant to § 2254 [#13] is DISMISSED. This matter is now terminated.

ENTERED this 22nd day of August, 2007.

s/Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Judge